IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALL WEATHER ARMOUR LLC, )
)
    Plaintiff, )
)
    v. ) Civil Action No.
)
SPRING ROCK, LLC )
)
    Defendant, )
_____)

## COMPLAINT

Plaintiff All Weather Armour LLC ("AWA") for its Complaint against defendant Spring Rock, LLC ("Spring Rock"), alleges as follows:

## JURISDICTION AND VENUE

1. The claims arise under the Lanham Act, 15 U.S.C. §1051 *et seq*. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and pursuant to the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a). This Court has personal jurisdiction over Spring Rock under 28 U.S.C. § 1400(a) and because Spring Rock has committed the acts complained of herein within this judicial district. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400(a).

## PARTIES

2. All Weather Armour LLC is a limited liability company organized and existing under the laws of the State of Wisconsin with its principal place of business located at W2355 Highway 18, P.O. Box 8, Sullivan, WI 53178.

{02178136.DOCX / }      1

3. Upon information and belief, Spring Rock, LLC is a limited liability company organized and existing under the laws of the State of Illinois having its principal place of business at 20W267 101st Street, Suite C, Lemont, IL 60439.

**FACTUAL BACKGROUND**

4. AWA is one of the nation's leading manufacturers and distributors of gutter protection and roof ice melt products. AWA's products include, for example, a stainless steel micro mesh gutter protection system that is sold under the trademark Armour Guard®. Additional information about AWA can be found at www.allweatherarmour.com.

5. In connection with its business, AWA is the owner of trade dress rights in and to the design of the Armour Guard® gutter protection system, which it has been manufacturing since at least as early as April 4, 2016. AWA's Armour Guard® gutter protection system is shown in Figure 1 below.



Figure 1

6. Upon information and belief, Spring Rock is a distributor and installer of gutter protection systems. Additional information about Spring Rock can be found at www.springrockgutters.com.

{02178136.DOCX / } 2

7. Prior to on or about December 31, 2022, Spring Rock was authorized to market, offer for sale, sell and/or install AWA's Armour Guard® gutter protection system.

8. On or about December 31, 2022, AWA terminated its business relationship with Spring Rock and as of on or about December 31, 2022, Spring Rock was no longer authorized to market, offer for sale, sell and/or install AWA's Armour Guard® gutter protection system.

9. After the termination of its business relationship with AWA, Spring Rock has been infringing AWA's trade dress rights in the Armour Guard® gutter protection system, thereby damaging and harming AWA and the public by deliberately incorporating photographs, renderings, and/or verbiage depicting and/or describing AWA's Armour Guard® gutter protection system into Spring Rock's advertisement, promotion, and/or marketing materials – all without AWA authorization, thereby damaging and harming AWA and the public.

10. Upon information and belief, the gutter protection system being sold, shipped and/or installed by Spring Rock is shown below in Figure 2, which was obtained from Spring Rock's Facebook website, currently available at facebook.com/springrockgutters/photos.



Figure 2

11.     Upon information and belief, Spring Rock has deliberately copied and is using the design of AWA's Armour Guard® gutter protection system trade dress in Spring Rock's advertisement, promotion, and/or marketing materials without AWA authorization in a manner which is likely to cause confusion as to the source or sponsorship of Spring Rock's offerings.

12.     Upon information and belief, AWA has engaged in "bait and switch" tactics in that it has displayed, marketed, or caused to be marketed and displayed to the public AWA's Armour Guard® gutter protection system, but instead intended to supply, sold, shipped and/or installed Spring Rock's gutter protection system to Spring Rock's customers, thereby damaging and harming AWA and the public.

13.     On or about December 27, 2022, AWA sent Spring Rock an email requesting Spring Rock to cease use of all photos, renderings and verbiage depicting, describing and/or referring to AWA's products from Spring Rock's internet, social media and print marketing materials.

14.     On or about March 2, 2023, AWA sent Spring Rock a second email requesting Spring Rock to cease all print and web-based promotion of AWA products.

15.     On or about July 14, 2023, AWA, by and through counsel, informed Spring Rock of acts of misuse of AWA's intellectual property with respect to photographs and video of AWA's Armour Guard® gutter protection system which were being used in Spring Rock's sales literature and social media to sell Spring Rock's own goods and services.  AWA's July 14, 2023, letter to Spring Rock enclosing a copy of Spring Rock's infringing sales literature photograph are attached hereto as Exhibit 1.

16. Shown below is a photograph taken on or about June 30, 2023, of the AWA's Armour Guard® gutter protection system incorporated into Spring Rock's print marketing materials.



17. Shown below is a depiction of the AWA's Armour Guard® gutter protection system as it appeared in a video embedded on Spring Rock's web site, available at least as of August 4, 2023 at www.springrockgutters.com/gutters/gutter-guards.



18. On September 6, 2023, counsel for Spring Rock confirmed in an email to counsel for AWA that Spring Rock would comply with the demands set forth in an August 23, 2023 letter from AWA's counsel, namely ceasing the display of or reference to any AWA product in Spring Rock's website, social media, and/or marketing materials, and ceasing any and all reference to any affiliation, connection, or association between Spring Rock with AWA, or any reference to Spring Rock products originating with AWA. Contrary to the representation of its counsel, Spring Rock has failed to comply.

19. Shown below are two screen captures of the AWA's Armour Guard® gutter protection system as it appears in a Spring Rock television advertisement that was broadcast on local Milwaukee, Wisconsin Fox channel WITI, on or about September 18, 2023.





20. Shown below is a depiction of the AWA's Armour Guard® gutter protection system as it appears in a Spring Rock video, available at least as of October 2, 2023, on Youtube.com at https://www.youtube.com/watch?v=zl9llIkJlnM.



{02178136.DOCX / }  8

21. Shown below is a depiction of the AWA's Armour Guard® gutter protection system adjacent the heading "Gutter Guards" as it appears on Spring Rock's Facebook website, available at facebook.com/springrockgutters/services as of October 5, 2023.



{02178136.DOCX / }                        9

Case 2:23-cv-01316-PP   Filed 10/05/23   Page 9 of 15   Document 1

22. Upon information and belief, Spring Rock offers for sale, sells and /or installs its gutter guard system throughout the State of Wisconsin.

23. Spring Rock's false and misleading acts and infringing activity have caused and will continue to cause irreparable and monetary harm to AWA unless enjoined. Spring Rock's continued incorporation of depictions and descriptions of AWA's Armour Guard® gutter protection system into Spring Rock marketing and advertising materials, despite repeated requests to remove the same is evidence of Spring Rock's willful and malicious intent to continue infringing AWA's protected rights, to continue deceiving the public, and to continue to damage and harm AWA and the public. Unless restrained and enjoined, Spring Rock will continue to do the acts complained of herein, all to AWA's irreparable harm. AWA's remedy at law is not adequate to compensate it for the injuries it has incurred and will incur.

## COUNT I
### (Violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a)) – Trade Dress Infringement)

24. Paragraphs 1-23 above, inclusive, are hereby incorporated herein by reference.

25. AWA is the owner of all right, title and interest in and to certain trade dress rights in the design of Armour Guard® gutter protection system (the "Trade Dress").

26. AWA has acquired brand recognition and consumer goodwill in the design of AWA's Armour Guard® gutter protection system by virtue of its long use of the Trade Dress, which design is not dictated by the functionality of the product.

27. Spring Rock has commercially advertised, promoted, marketed and/or sold products in interstate commerce that deliberately copy the Trade Dress.

28. Spring Rock's commercial advertisement, promotion, marketing and/or sale of products in interstate commerce that deliberately copied the Trade Dress has created consumer

confusion or has the tendency to create consumer confusion, deceive and/or confuse a substantial segment of potential buyers of gutter guard systems as to the origin of Spring Rock's products.

29. Spring Rock has traded on AWA's goodwill by way of commercial advertisement, promotion, marketing and/or sale of products in interstate commerce that deliberately copied the Trade Dress.

30. Spring Rock's use of trade dress that is confusingly similar to the Trade Dress constitutes false designation of origin and false representation under Lanham Act § 43(a) [15 U.S.C. § 1125(a)].

31. AWA has been and continues to be harmed by Spring Rock's trade dress infringement in violation of the Lanham Act § 43(a) [15 U.S.C. § 1125(a)] and, unless such conduct is enjoined, will continue to suffer irreparable harm that cannot be adequately calculated or compensated solely by money damages.

32. The actions by Spring Rock are willful, deliberate and with malice.

33. AWA has no adequate remedy at law and is entitled to damages and a preliminary and a permanent injunction enjoining Spring Rock from further violation of AWA's rights.

## COUNT II
**(Violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a)) – Unfair Competition)**

34. Paragraphs 1-33 above, inclusive, are hereby incorporated herein by reference.

35. Upon information and belief, Spring Rock has, in using "bait and switch" tactics, displayed, marketed, and/or offered for sale to the public AWA's Armour Guard® gutter protection system, but instead shipped and/or installed Spring Rock's own products to its customers, thereby damaging and harming AWA and the public.

36. AWA has been and continues to be harmed by Spring Rock's unfairly competitive acts in violation of the Lanham Act § 43(a) (15 U.S.C. § 1125(a)) and, unless such conduct is

enjoined, will continue to suffer irreparable harm that cannot be adequately calculated or compensated solely by money damages.

37. The actions by Spring Rock are willful, deliberate and with malice.

38. AWA has no adequate remedy at law and is entitled to damages and a preliminary and a permanent injunction enjoining Spring Rock from further violation of AWA's rights.

## COUNT III
### (Trade Dress Infringement under Wisconsin Common Law)

39. Paragraphs 1-38 above, inclusive, are hereby incorporated herein by reference.

40. Upon information and belief, Spring Rock has infringed AWA's trade dress rights by way of commercially advertising, promoting, and/or marketing gutter protection systems that bear trade dress that is confusingly similar to the Trade Dress.

41. Spring Rock's actions constitute trade dress infringement under Wisconsin common law.

42. AWA has been and continues to be harmed by Spring Rock's trade dress infringement in violation of Wisconsin common law and unless such conduct is enjoined, will continue to suffer irreparable harm that cannot be adequately calculated or compensated solely by money damages.

43. The actions by Spring Rock are willful, deliberate and with malice.

44. AWA has no adequate remedy at law and is entitled to damages and a preliminary and a permanent injunction enjoining Spring Rock from further violation of AWA's rights.

## COUNT IV
### (Unfair Competition and False Advertising under Wisconsin Common Law)

45. Paragraphs 1-44 above, inclusive, are hereby incorporated herein by reference.

46. Upon information and belief, Spring Rock has, in using "bait and switch" tactics, displayed, marketed, and/or offered for sale to the public AWA's Armour Guard® gutter protection system, but instead shipped and/or installed Spring Rock's own products to its customers, thereby damaging and harming AWA and the public.

47. Upon information and belief, Spring Rock has, through its display, marketing, and/or offering for sale to the public AWA's Armour Guard® gutter protection system, made false statements as to the actual products Spring Rock shipped and/or installed for their customers, such false statements have actually deceived or have a tendency to deceive a substantial segment of the consuming public.

48. Spring Rock's false and misleading statements of fact are material in that they are likely to influence the purchasing decisions of the consuming public, thereby causing injury to AWA.

49. AWA has been and continues to be harmed by Spring Rock's unfairly competitive acts in violation of Wisconsin Common Law and unless such conduct is enjoined, will continue to suffer irreparable harm that cannot be adequately calculated or compensated solely by money damages.

50. The actions by Spring Rock are willful, deliberate and with malice.

51. AWA has no adequate remedy at law and is entitled to damages and a preliminary and a permanent injunction enjoining Spring Rock from further violation of AWA's rights.

## PRAYER FOR RELIEF

WHEREFORE, AWA hereby prays for judgment as follows:

1. That Spring Rock has infringed AWA's trade dress rights in the Armour Guard® gutter protection system under federal and state law;

2. That Spring Rock has unfairly competed with AWA in violation of § 43(a) of the Lanham Act;

3. That Spring Rock has unfairly competed with AWA in violation of Wisconsin common law;

4. That Spring Rock's infringement and unfair competition have been done willfully, deliberately and with malice;

2. That Spring Rock, its officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, be immediately and permanently enjoined from:

    (a) reproducing, displaying and distributing the Armour Guard ® gutter protection system or any confusingly similar work;

    (b) further disseminating catalogs and/or web site information referred to herein, as well as any other materials including any or all of the same or similar materals;

    (c) otherwise competing unfairly with AWA in any manner; and

    (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (c), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (c).

3. An order requiring Spring Rock to pay to AWA damages suffered due to the conduct complained of herein;

4. An order requiring Spring Rock to account for and pay to AWA its profits attributable to the conduct complained of herein;

5. An order requiring Spring Rock to pay punitive damages;

6. An order requiring Spring Rock to pay AWA's attorneys' fees and costs of suit as allowed by law;

7. An order requiring Spring Rock to pay treble damages for its willful, deliberate and malicious actions; and

8. Such other and further relief as the Court deems just and proper.

### **Jury Demand**

Plaintiff, All Weather Armour LLC, demands that this matter be tried before a jury.

/Kyle M. Costello/

John P. Fredrickson
Timothy E. Newholm
Kyle M. Costello
Marriam Linn
BOYLE FREDRICKSON, S.C.
840 North Plankinton Avenue
Milwaukee, WI 53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
E-mail: jpf@boylefred.com
E-mail: ten@boylefred.com
E-mail: kmc@boylefred.com
E-mail: mlin@boylefred.com

*Attorneys for Plaintiff All Weather Armour LLC*